IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-00429-WYD-BNB

DOROTHY BOSCHERT,

Plaintiff,

v.

WALGREEN COMPANY,

Defendant.
_____

**ORDER**
_____

This matter is before me on the parties' **Motion for Stipulated Protective Order** [Doc. # 16, filed 7/10/2006] (the "Motion"). The Motion is DENIED and the proposed Protective Order is REJECTED. The parties are granted leave to submit a revised proposed order consistent with the comments contained here.

In <u>Gillard v. Boulder Valley School District</u>, 196 F.R.D. 382 (D. Colo. 2000), I set out certain requirements for the issuance of a blanket protective order such as the one sought here. Among other things, I require that the protective order contain a mechanism by which a party may challenge the designation of information as privileged. The addendum to the <u>Gillard</u> decision is a form of protective order which contains a provision that satisfies this requirement:

> A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an

> appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order.  If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion.  If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order.  In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

Id. at 388-89.

The proposed protective order does not comply with the requirements established in Gillard.  In particular, the proposed protective order improperly places on the receiving party the obligation to file a motion challenging the designation of material as Confidential.  Motion at ¶10.  That burden, along with the burden of establishing an entitlement to protection, rest with the designating party.

In addition, the proposed protective order provides for the filing of documents under seal in a manner not consistent with the requirements of D.C.COLO.LCivR 7.2 and 7.3.  Motion at ¶9.  Materials may be filed under seal only as provided in the local rules of this court.

The proposed protective order also attempts to deal with issues concerning privileged, rather than confidential, materials.  Id. at ¶14.  A blanket protective order designed to protect confidential information is not an appropriate vehicle for dealing with matters concerning privileged materials.

IT IS ORDERED that the Motion is DENIED.

Dated July 11, 2006.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge